IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RENEE PEYRAN,                                        Civ. No. 09-386-AA

        Plaintiff,                                   OPINION AND ORDER

    v.

WESTERN WIRE WORKS, INC., an
Oregon corporation,

        Defendant.
_____

Donald B. Potter
Donald B. Potter, P.C.
621 S.W. Morrison St., Ste. 140
Portland, OR  97205
    Attorney for plaintiff

Clay D. Creps
Krista N. Hardwick
Bullivant Houser Bailey P.C.
300 Pioneer Tower
888 S.W. Fifth Ave.
Portland, OR  97204
    Attorneys for defendants

AIKEN, Chief Judge:

    Plaintiff filed suit alleging violations of the Family Medical

Leave Act (FMLA) and the Oregon Family Leave Act (OFLA), workers'

compensation discrimination, wage claims, and wrongful discharge.

1 - OPINION AND ORDER

Plaintiff now moves for partial summary judgment with respect to liability on her FMLA claim.   The motion is denied.

BACKGROUND

Plaintiff was employed by defendant from August 2002 until her termination on July 12, 2007.

On June 25, 2007, plaintiff had an appointment with her physician, who diagnosed her as suffering from anxiety and depression and prescribed medication.   Plaintiff's physician also provided a note stating that plaintiff was to be "off work" for two weeks due to medical reasons.   Defendant approved two weeks of medical leave for plaintiff from June 25, 2007 until July 9, 2007.

On July 5, 2007, plaintiff called her physician.   Plaintiff's physician agreed to provide authorization to extend plaintiff's medical leave to July 25, 2007, the date of her next appointment. The parties dispute whether plaintiff contacted and spoke with Cindy Klein, defendant's former human resources supervisor, to give notice of her extended medical leave.

On July 9, 10, and 11, plaintiff did not return to work, and she did not contact defendant.

On July 12, 2007, Thomas Holtz, defendant's controller, terminated plaintiff's employment based on her failure to show up or call-in to work for three consecutive days.   According to defendant's policy, three occurrences of "no-call/no-show" "will be considered a voluntary abandonment of [the] job and [the] employee's] employment will be terminated."  Hardwick Decl., Ex. B, p. 24.  Klein approved plaintiff's termination and drafted a letter

2 - OPINION AND ORDER

to plaintiff on behalf of Holtz.

The same day, after Holtz decided to terminate plaintiff's employment, plaintiff called Klein to inquire about long-term disability benefits. Plaintiff also asked if Klein had received her physician's note authorizing an extension of her medical leave to July 25, 2007. Klein answered that the note had not been received, and that plaintiff should speak with Holtz. Holtz was unavailable, and plaintiff left a message on his voicemail. Holtz returned plaintiff's call and stated that her employment had been terminated due to three days of no-call/no-show.

Plaintiff's physician subsequently faxed defendant a note authorizing plaintiff's release from work until July 25, 2007. Defendant did not reconsider its decision to terminate plaintiff's employment.

## DISCUSSION

Plaintiff alleges that defendant's termination of her employment while she was on medical leave unlawfully interfered with her rights under the FMLA. 29 U.S.C. § 2615(a)(1) ("It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."); Xin Liu v. Amway Corp., 347 F.3d 1125, 1135 (9th Cir. 2003) ("A violation of the FMLA simply requires that the employer deny the employee's entitlement to FMLA leave."); Bachelder v. Am. West Airlines, Inc., 259 F.3d 1112, 1122, 1124 (9th Cir. 2001). To prevail on her FMLA interference claim, plaintiff must prove that she gave sufficient notice of her need

3 - OPINION AND ORDER

for extended medical leave. <u>Phillips v. Mathews</u>, 547 F.3d 905, 909
(8th Cir. 2008); <u>Price v. Multnomah County</u>, 132 F. Supp. 2d 1290,
1297 (D. Or. 2001).

The parties do not dispute that plaintiff gave notice of the
need for medical leave from June 25, 2007 to July 9, 2007.
Defendant does not contest plaintiff's assertion that on July 5,
2007, her physician agreed to provide authorization to extend her
medical leave until July 25, 2007. Likewise, plaintiff does not
dispute that her physician's office did not provide such
authorization to defendant until July 12, and that she did not
return to work or contact defendant on July 9, 10, or 11. However,
the parties dispute whether plaintiff contacted Cindy Klein on July
5, 2007 and gave notice that she needed an extension of her medical
leave to July 25, 2007.

At her deposition on October 29, 2009, plaintiff testified
that on July 5, 2007 she called defendant's toll-free number and
eventually spoke to Klein. Plaintiff testified that she informed
Klein that she had spoken with her physician and needed defendant's
facsimile number so that plaintiff's physician could send updated
information to support an extension of plaintiff's medical leave.
Potter Decl., Ex. N, p. 6.

Krista Hardwick, an attorney for defendant, interviewed Klein
on July 10, 2008. According to Hardwick, Klein stated that she
never spoke with plaintiff on July 5, 2007, and that July 12 was
the first time Klein spoke with plaintiff after the commencement of
her leave. Klein also told Hardwick that plaintiff falsely

4 - OPINION AND ORDER

asserted that she called Klein on July 5 to obtain defendant's fax number, because plaintiff already had obtained the number from Klein on June 25, 2007. Hardwick Decl., p. 2.

In an affidavit dated January 20, 2010, Klein contradicts her statements to Hardwick and asserts that plaintiff contacted her prior to July 9, 2007 and stated that plaintiff's physician agreed to extend plaintiff's medical leave. Klein states that she informed plaintiff that her physician must send written documentation to extend her leave. Klein asserts that when written confirmation was not received by July 10, she asked Holtz for permission to call plaintiff. According to Klein's affidavit, Holtz refused to give permission for such a call. Amended Affidavit of Cindy Klein, pp. 2-3.

At her deposition on March 19, 2010, Klein testified that she talked to plaintiff "several times about the [leave] process" prior to July 9, 2007, including a conversation "about the possibility that [plaintiff's] leave would extend, and that we needed a note from the doctor to do that." Potter Decl., Ex. Q, pp. 2, 4. Klein also testified that she did not recall telling Hardwick that plaintiff did not call on July 5 with notice of her extended leave. Id. Similarly, Klein testified that she did not recall telling Hardwick that on July 12 she informed plaintiff that defendant had not received notice of an extension of plaintiff's medical leave. Id. Ex. Q, p. 3.

Holtz testified that he was never told plaintiff called Klein on July 5, 2007 to give notice of her extended leave, and that

5 - OPINION AND ORDER

Klein did not mention such a conversation to him. Holtz testified that had plaintiff done so, she would not have been considered a no-call/no-show on July 9, 10, or 11, and her employment would not have been subject to termination. Hardwick Decl., Ex. B, p. 3.

Defendant contends that Klein's affidavit and deposition testimony are inconsistent with her statements made to Hardwick in 2008 and her actions in approving plaintiff's termination and drafting a letter to plaintiff on behalf of Holtz. Construing all inferences in favor of defendant, the non-moving party, I find that a genuine issue of material fact exists as to whether plaintiff gave sufficient notice that she needed an extension of her medical leave prior to defendant's decision to terminate her employment. See Phillips, 547 F.3d at 909 ("Whether an employee gave sufficient information to put his or her employer on notice that an absence may be covered by the FMLA is a question of fact for the jury."). Therefore, summary judgment on plaintiff's FMLA interference claim is not appropriate.

## CONCLUSION

Plaintiff's Motion for Partial Summary Judgment (doc. 24) is DENIED.

IT IS SO ORDERED.

Dated this __ day of June, 2010.

Ann Aiken
United States District Judge